IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:15-cv-02765-CMA-KLM

JAMES W. TURNER AND BRENDA FREEMAN,

    Plaintiff(s),

v.

NATHAN SPORTS, INC., a Pennsylvania Corporation,
PENGUIN BRANDS, INC., a Pennsylvania Corporation,
IMPLUS FOOTCARE, LLC, a North Carolina Corporation,
EMPACK SPRAYTECH, INC., a Foreign Corporation,
EMU POLISHES, INC., and
DOES 1 – 10.

    Defendant(s).

## PROTECTIVE ORDER

The above-styled cause is before the Court on the Lassip, Inc.'s and Implus Footcare, LLC's Joint Motion for Protective Order, filed here on April __8__, 2016. After due consideration of the premises, the Court hereby ORDERS and ADJUDGES as follows:

    1.    The Joint Motion for Protective Order is hereby GRANTED.

    2.    This Protective Order is being entered for good cause shown. Specifically, this action may involve the production and disclosure of documents, testimony and other information that, although subject to discovery in the captioned matter because of the nature of the claims asserted against the Defendants, would

otherwise be CONFIDENTIAL. The disclosure and/or use of such CONFIDENTIAL information is therefore limited to the immediate case.

3. This order shall govern the handling of all such confidential and privileged documents, testimony, deposition transcripts and any and all other information, including all copies, excerpts, and summaries thereof (collectively, "Material"), produced, disclosed, or given during discovery or otherwise filed in this action.

4. Any party to this action may designate as "CONFIDENTIAL" any Material that contains confidential and/or privileged information, but is nevertheless disclosed or produced in the captioned matter because of the nature of the claims asserted. CONFIDENTIAL Material, as used in this Order, shall refer to any so designated Material, including all copies thereof, and shall also refer to the information contained in such Material. No designation shall be made unless the designating party or non-party believes in good faith that the designated Material is entitled to such protection.

5. Except upon prior written consent of the party asserting CONFIDENTIAL treatment or upon further order of a court of competent jurisdiction, CONFIDENTIAL information shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation. Access to CONFIDENTIAL information shall be limited to:

(a) the Court, including any Court personnel assisting the Court, stenographers or other persons involved in taking or transcribing court or deposition testimony in this action, and members of the jury;

(b) the parties, attorneys representing the parties and paralegal, clerical and secretarial employees of such attorneys;

(c) the officers, directors, agents or employees of the parties participating in the prosecution, defense, settlement or other disposition of this action;

(d) mediators, consultants, experts or litigation support services, including outside copying services, retained by a party for the purpose of assisting that party in this action provided that the disclosing party determines in good faith that the disclosure is necessary for the prosecution or defense of this action, and provided such persons agree in writing to abide and be bound by the terms of this Order in the form attached as Exhibit A;

(e) potential witnesses provided that the disclosing party determines in good faith that the disclosure is necessary for the prosecution or defense of this action, and provided such persons agree in writing to abide and be bound by the terms of this Order in the form attached as Exhibit A;

(f) any person who is an author, addressee or recipient of, or who previously had access to, the CONFIDENTIAL information;

(g) deposition witnesses who agree in writing to abide by and be bound by the terms of this Order in the form attached hereto as Exhibit A;

(h) any other person as to whom the party that designated the document or information as CONFIDENTIAL has consented to disclosure in advance;

(i) representatives of the parties' insurers handling this case including those representatives responsible for the insureds and/or the accounts involved in this lawsuit; and

(j) any other person designated by the Court.

6. In the event the producing party elects or is otherwise required to make available for inspection Material that the producing party deems CONFIDENTIAL, no markings need be made by the producing party in advance of the inspection. All such Material shall be considered marked "CONFIDENTIAL" for purposes of the inspection. Within a reasonable time after selection by the inspecting party of specified Material for copying, the producing party shall make the appropriate designation, provided however such designation shall be made before such documents are copied and provided to the inspecting party.

7. Inadvertent Disclosure. If any party inadvertently produces or discloses any Confidential Information without marking it as "CONFIDENTIAL", that party may give notice to the receiving party that the information should be treated as CONFIDENTIAL in accordance with the terms of this Order, and shall forward appropriately stamped copies of the items in question or otherwise follow the procedures in this Order for designating such information as CONFIDENTIAL. Within five (5) days of the receipt of substitute copies, and upon request, the receiving party (at the expense of the party that inadvertently produced the CONFIDENTIAL information) shall return the previously unmarked items and all copies thereof. Inadvertent disclosure shall not be deemed a waiver of confidentiality.

8. A party may use Material designated by that party as CONFIDENTIAL for the prosecution or defense of claims in another proceeding ("Outside Proceeding"). A party may not use Material designated by any other party as CONFIDENTIAL for the prosecution or defense of claims in an Outside Proceeding.

9. Nothing herein shall prohibit a party from seeking an Order that designated Material is not CONFIDENTIAL.

10. Subject to paragraphs 4, 5 and 6 of this Order, no designation of Material as CONFIDENTIAL, including the giving of testimony at a deposition or hearing, shall be effective unless, as applicable, the party or non-party making the designation: (a) receives an order from the Court or (b) affixes the copies of the Material with an identifying number and serves all parties with a notice that the Material is CONFIDENTIAL, or (c) affixes the Material or copies of the Material with the term "CONFIDENTIAL." Testimony given at a deposition may be so designated by an appropriate statement at the time of the giving of such testimony or within a reasonable time after counsel receives the transcript of such deposition. If deposition testimony is designated "CONFIDENTIAL" this Order shall govern the certified shorthand and/or court reporter (and such reporter's staff) performing transcription and related services with respect to such testimony. The party that claims that the Material is CONFIDENTIAL shall notify the certified shorthand and/or court reporter of any subsequent designation of Material as CONFIDENTIAL by letter copied to counsel for the parties herein. The letter shall inform the shorthand and/or court reporter which portion(s) of the deposition transcript are to be designated CONFIDENTIAL.

11. No party shall, for itself or for any other person or persons, make more copies of any CONFIDENTIAL information than are reasonably necessary to conduct this litigation. Except as otherwise provided in this Order, all CONFIDENTIAL information shall remain in possession of counsel for the respective parties or the parties themselves, and be stored in a secure place.

12. Should any party hereto seek to utilize any CONFIDENTIAL information at trial, deposition or a hearing in this matter, that party shall meet with counsel for the other parties in an effort to agree upon a procedure to insure the confidentiality of such CONFIDENTIAL information. In the event counsel are unable to reach agreement, the matter may be submitted to the Court.

13. Within thirty (30) business days following any final settlement or the running of any applicable time to appeal the final order entered in this litigation, all parties shall either (i) return to the person who produced such materials all copies of all CONFIDENTIAL information obtained in this action or (ii) certify to that person that all such CONFIDENTIAL information has been destroyed, except that counsel for each party may retain in its files one copy of each pleading, brief or document filed with the Court, and deposition and trial transcripts and exhibits thereto, and correspondence, subject to the provisions of this Protective Order. Copies of CONFIDENTIAL documents that have been filed with the Court may be returned to the filing party by the Clerk of the Court, or destroyed.

14. If any party has obtained CONFIDENTIAL information under the terms of this Order and receives a subpoena or other compulsory process from a non-party

commanding the production of such CONFIDENTIAL information, such party shall use reasonable efforts to promptly notify the party that designated the CONFIDENTIAL information as "CONFIDENTIAL." The party receiving the subpoena or other process may thereafter produce the CONFIDENTIAL information in compliance with the subpoena or other process unless the designating party quashes the subpoena or otherwise obtains an order releasing the receiving party from the obligation to produce the CONFIDENTIAL information.

15. If any party discloses CONFIDENTIAL information to any person other than in a manner authorized by this Order, that party shall promptly inform the party that provided the CONFIDENTIAL information about the disclosure, and shall endeavor in good faith to retrieve such CONFIDENTIAL information and prevent its further disclosure.

16. By joint agreement, the parties, through their counsel, may agree to any specific disclosure of CONFIDENTIAL information in a particular circumstance without prejudice to the continued application of this Protective Order regarding other uses of the CONFIDENTIAL information.

17. This Order shall not affect the right of any party or non-party to oppose production of documents or other information on any ground permitted by the Rules of Civil Procedure, including any applicable privilege. Moreover, this Order shall not affect the scope of discovery by any party under the Rules of Civil Procedure or the admissibility of any evidence in this action.

18.     This Protective Order may be modified only by Order of the Court.

19.     All provisions of this Order shall continue to be binding after the conclusion of this action unless subsequently modified by agreement between the parties or order of the Court and the Court shall retain jurisdiction of this matter for the purpose of enforcing this Order.

20.     Any party may use Material given, disclosed or produced by another party and designated as CONFIDENTIAL for the prosecution and defense of the claims in this action so long as the party complies with this Order. All Material given, disclosed or produced by another party and designated CONFIDENTIAL shall be used by the party receiving such Material solely for the prosecution and defense of the claims in this action.

21.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to make an appropriate motion pursuant to MJ Mix's discovery procedures requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to make such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not

thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion made under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

22. This Protective Order shall remain in force and effect after the termination of this litigation, or until canceled or otherwise modified by Order of this Court.

Dated this __14th__ day of April, 2016.

BY THE COURT:

_____
~~District Court Judge~~
Magistrate